# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JESSE AARON DAUL,**

        **Plaintiff,**

        v.                                 Case No. 17-CV-952

**JOHN DOE, et al.,**

        **Defendants.**

---

## ORDER

---

Jesse Aaron Daul, who is incarcerated at Dodge Correctional Institution, is representing himself. This matter comes before the court on Daul's petition to proceed without prepayment of the filing fee (*in forma pauperis*).

Although the court ordered Daul to pay an initial partial filing fee of $2.00, Daul subsequently submitted a new trust account statement showing that did not have any money in his trust account. Thus, Daul has neither the assets nor the means to pay the initial partial filing fee.

A prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Therefore, Daul will be granted a waiver of payment of the initial partial filing fee in

this case. However, he is still obligated to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). See 28 U.S.C. § 1915(b)(1).

The court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state

law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In an expansive, 158-page handwritten complaint consisting of 163 separately numbered paragraphs, Daul recounts a vast array of wrongs he allegedly suffered. Daul names only "John Doe" and "Jane Doe" as defendants, whom he describes as "citizens of Wisconsin, and at the time of the violation(s) when and while they were acting within a professional capacity, they were employed by or contract through … Green Bay Police Department, Brown Co Sheriffs Department, Brown Co District Attorneys Office, Winnebago Co District Attorneys Office, Metropolitan Enforcement Group, State Public Defenders Office, Wisconsin Department of Corrections, Luxemburg Casco School District, Brown Co Mental Health Department, Wisconsin Department of Workforce Development, Wisconsin Department of Health and Family Services, St. John's Homeless Shelter, Correctional Care Services." (ECF No. 1 at 1-2.) Notwithstanding the fact that he names only John and Jane Doe defendants, in the body of his complaint he refers to many specific individuals.

Daul's allegations date back to 1999, when he was allegedly unlawfully searched by his high school principal, leading to the discovery of marijuana and his expulsion

from school. His allegations continue to the present, with a vast array of alleged wrongs. He recounts a wide variety of separate instances where he was allegedly mistreated by police officers, leading to what he believes were improper prosecutions. He offers extensive allegations regarding instances where prison and jail officials did not provide him with mental health care he believes was appropriate. He offers a myriad of allegations regarding other purported misconduct by jail and prison officials, often relating to the food he received in various institutions, but also including complaints about disciplinary proceedings, internal grievances, being denied pens and access to his papers, being forced to sleep on concrete or damaged or unsanitary mattresses, excessive lighting, not having control over the water in his cell, not having access to a clock, lack of hygiene items, problems with his legal mail, complaints about dental care, problems with his supervising agents, and many, many other matters.

Based on the court's reading of the complaint, it appears that Daul is attempting to improperly bring dozens of unrelated claims in a single case. Under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims

5

against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action" Fed. R. Civ. P. 20(a)(2).

Daul appears to attempt to tie all these disparate threads together with allusions to an overarching grand conspiracy between all these persons, entities, and incidents. However, this bald assertion is insufficient to satisfy the requirements of the federal rules. Daul's complaint is the sort of "buckshot complaint[]" that *George* instructs a court to reject. *George*, 507 F.3d at 607. Therefore, Daul may not proceed on the original complaint.

However, the court will permit Daul to amend his complaint. As the court noted, it appears that Daul's complaint presents dozens of separate claims. It is up to Daul to decide which particular action he wishes to present in his amended complaint. Any unrelated actions must be pursued, if at all, as separate lawsuits.

Daul is advised that, because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If Daul files an amended complaint, it will become the operative

complaint and the court will screen it in accordance with 28 U.S.C. § 1915A. The court emphasizes that a complaint need only contain "a *short* and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).

Further, Daul is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Daul must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

**NOW, THEREFORE, IT IS ORDERED** that Daul's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Daul shall file an amended complaint on or before **December 29, 2017**, which contains only related claims as described in this Order.

**IT IS FURTHER RECOMMENDED** that, if Daul does not file an amended complaint by **December 29, 2017** that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure, this action be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the agency having custody of Daul shall collect from his institution trust account the $350 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to Daul's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Daul is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Daul's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the institution where Daul is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Daul shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If Daul is no longer incarcerated at a Prisoner E-

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Filing Program institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Civ. P. 72(a) and (b)(2) whereby written objections to any order or recommendation herein or part thereof may be filed within fourteen days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 22nd day of November, 2017.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge